Charitable Corporation — Solicitation of Funds If the Oklahoma Equal Opportunity Association claims to be exempt under 18 O.S. 552.4 [18-552.4](3) (1961), or in the event a final determination of same is made, all solicitation of contributions by said Association must be confined to their membership and the solicitation must be managed by their membership without paid solicitors. The Attorney General has had under consideration your letter dated July 5, 1968, wherein you make the following request: "I hereby request an opinion as to whether the Oklahoma Equal Opportunity Association, Inc., which I understand to be a charitable organization incorporated under the laws of the State of Oklahoma with the bills of incorporation and is on file with the Secretary of State, comes within the purview of House Bill No. 632 which was filed by the Governor of the State of Oklahoma on May 8, 1959." The Oklahoma Solicitation of Charitable Contributions Act, 18 O.S. 552.1 [18-552.1] (1961) et seq., to which you refer, provides in pertinent part: "18 O.S. 552.2 [18-552.2] (2) `Charitable organization' means any benevolent, philanthropic, patriotic, eleemosynary, educational, social, civic, recreational, religious, or any other person performing or purporting to perform acts beneficial to the public. "18 O.S. 552.3 [18-552.3] No charitable organization, except those specifically exempt under Section 4 of this Act, shall solicit or accept contributions from any person in this State by any means whatsoever until such charitable organization shall have registered with the Commissioner of Charities and Corrections and filed information, as required by this Act, on forms approved by the Commissioner. "552.4 Except as otherwise specifically provided in this Act, the provisions hereof shall not apply to the following persons: . . . (3) Fraternal organizations, when soliciting from their own members, and patriotic and civic organizations, when solicitation of contributions is confined to the membership of said organizations, and the solicitation is managed by their own membership without paid solicitors," (Emphasis added) We note that Article 4a of the Articles of Incorporation of the Oklahoma Equal Opportunity Association specifies the category of the corporation as charitable and that Article 4b of said Articles enumerates eleven separate purposes for which the corporation was formed, all of which appear to be civic in nature. We cannot, however, conclusively determine from these facts if said Association is a "civic organization" within the scope of Section 18 O.S. 552.4 [18-552.4], supra. Further, the ultimate determination involves a factual question which this office does not have the capability to adjudicate. You state in your letter that the Oklahoma Equal Opportunity Association, Inc., "publicly solicits funds". We again direct your attention to Section 18 O.S. 552.4 [18-552.4](3), wherein the following language appears: ". . . and patriotic and civic organizations when solicitation of contributions is confined to the membership of said organizations, and the solicitation is managed by their own membership without paid solicitors." (Emphasis added) Assuming the Oklahoma Equal Opportunity Association is a "civic organization" or is determined to be such as hereinabove discussed, their solicitation of contributions must be in compliance with Section 18 O.S. 552.4 [18-552.4](3), supra. Otherwise, said Association is not entitled to enjoy the exemption provisions of the Oklahoma Solicitation of Charitable Contributions Act. The meaning or definition of solicit or solicitation becomes relevant to your inquiry in determining the applicability of the aforementioned exemption criteria to this Association. "Solicit" is defined as: "to ask for with earnestness, to make petition to, to endeavor to obtain, to awake or excite to action, to appeal to, or to invite." Black's Law Dictionary, Third Edition, page 1639. In Golden and Company v. Justice Court; 140 P. 49, 23 Cal.App. 778, a California court held that a local option law prohibiting soliciting order for intoxicating liquors in local option territory, did not apply to advertisements in newspapers circulating in such territory, and addressed to the general public and not to a particular individual, since "solicit" within the statute means to apply to for obtaining something and implies personal petition. The court, in the Golden case, stated that "solicit" ". . . implies personal petition and importuning addressed to a particular individual to do some particular thing, and it is unquestionably in this sense that the term is used in the statute. . . . An advertisement can in no sense be held to be a personal petition or request addressed to any particular person. . . ." Although the Attorney General cannot determine whether the Oklahoma Equal Opportunity Association is a "civic organization", it is clear that any solicitation of funds by an exempted organization must comply with the provisions of Section 18 O.S. 552.4 [18-552.4](3), supra. If the Oklahoma Equal Opportunity Association claims to be exempt under Section 552.4(3), supra, or in the event a final determination of same is made, it is the opinion of the Attorney General that all solicitation of contributions by said Association must be confined to their membership and the solicitation must be managed by their membership without paid solicitors. (Don Timberlake)